UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Babak Termechi    Edson McClellan

**Proceedings:**   ZOOM HEARING RE: PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $11,130.00 (Dkt. 18, filed on OCTOBER 3, 2023)

## I.   INTRODUCTION AND BACKGROUND

On August 2, 2023, plaintiff Manuel A. Gastelo filed this action against defendants The Portables Choice Group ("Portables Choice"), Amy Palacios, Justin Henderson, Larry Melchionda, Sonny Masad,[1] Irene Coughlin, Manju Amar, and Does 1 through 50, in Los Angeles County Superior Court.  Dkt. 1-2, Exh. B.  Plaintiff alleges the following claims, as against all defendants and Does 1 through 50: (1) misclassification of non-exempt employee as exempt; (2) failure to pay minimum wages in violation of California Labor Code §§ 558, 558.1, 1194, 1194.2, 1197, and 1197.1; (3) failure to pay overtime wages in violation of Labor Code §§ 510, 558, 558.1, 1194, 1194.2, and 1197.1; (4) failure to provide meal breaks in violation of Labor Code §§ 226.7 and 512; (5) failure to provide rest breaks in violation of Labor Code § 226.7; (6) failure to provide accurate wage statements in violation of Labor Code § 226; (7) waiting time penalties pursuant to Labor Code §§ 201 and 203; and (8) unlawful, unfair, and fraudulent business practices in violation of Gov. Code § 17200.  Id.

On August 29, 2023, after plaintiff had been unable to effectuate service on her, plaintiff filed a request for dismissal as to defendant Palacios, without prejudice.  Dkt. 1-

---

[1] Portables Choice asserts that Sonny's last name is Massand.  Dkt. 21 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

14, Exh. N.  On September 5, 2023, defendants filed a notice of removal pursuant to 28 U.S.C. § 1331, on the basis of diversity jurisdiction.  Dkt. 1.  On September 12, 2023, plaintiff filed a first amended complaint ("FAC"), alleging the same claims for relief as in the original complaint but removing Does 11 through 50.[2]  Dkt. 15.  Plaintiff also added Palacios as an individual defendant and attached to the FAC a summons to Palacios.[3]  Dkts. 15, 15-1.

On October 3, 2023, plaintiff filed the instant motion to remand this action to state court and request for sanctions in the amount of $11,130.00.  Dkt. 18.  On October 16, 2023, defendant Portables Choice filed an opposition to plaintiff's motion to remand this action to state court.  Dkt. 21.  On October 23, 2023, plaintiff filed a reply brief in support of his motion.  Dkt. 22.

On November 6, 2023, the Court held a hearing on plaintiff's motion to remand and request for sanctions.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant.  Judge Karen L. Stevenson & James E. Fitzgerald, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Edition Ch. 2D-4 ¶ 2:2423 (2023 ed.) ("Rutter Group Prac. Guide").  If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes.  Id.  "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff.  Id. ¶ 2:2424.  Instead, a non-

---

[2] It appears that Gastelo should have sought leave to amend to add Palacios.  For purposes of this motion, the Court assumes arguendo that leave was granted prior to the amendment.

[3] According to Portables Choice and Palacios, Gastelo has not served the summons and FAC on Palacios.  Dkt. 21 at 3; dkt. 21-2 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'" Rutter Group Prac. Guide ¶ 2:2456 (emphasis omitted) (citing W. Am. Corp. v. Vaughan-Bassett Furniture Co., 765 F.2d 932, 936 n.6 (9th Cir. 1985)). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).

Courts in the Ninth Circuit disagree as to what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases). However, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

Court "adopts the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)." Id. at 607. The Court is persuaded by the reasoning set out in McGrath:

> First, the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment "as a matter of course" to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e). Second, while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants. Third, the Ninth Circuit has recognized that a plaintiff's motives are relevant to the question of whether district courts should allow amendment to a complaint to add a party even under the liberal amendment policy set forth in Rules 15 and 20. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) ("[W]e conclude that a trial court should look with particular care at [plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court.").

Id. (internal citations omitted).

Pursuant to Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When deciding whether to allow amendment to add non-diverse defendants under Section 1447(e), courts generally consider the following factors:

> (1) whether the new defendants should be joined under [Federal Rule of Civil Procedure 19(a)] as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-cv-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of N.Y. Mellon, No. 12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (quotation marks and citation omitted).

### III. DISCUSSION

#### A. Joinder of Palacios

After Portables Choice removed this action to this Court, Gastelo filed the operative FAC that includes Palacios as an individual defendant. Gastelo filed a motion to remand, alleging that he and Palacios are both residents of California, and as such, there is no diversity jurisdiction. Dkt. 18-1 at 4. Thus, the Court must consider whether Gastelo's joinder of Palacios is proper.

##### 1. The Extent to Which Palacios is Necessary for Just Adjudication

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, while courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). "This standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1011-12.

Gastelo asserts that Palacios was one of his supervisors at Portables Choice. Dkt. 18-1 at 5-6. According to Gastelo, he "properly named defendant Palacios, pursuant to Labor Code Section 558.1, for violations of the California Labor Code due to her role as officer, director, and/or managing agent at Portable[s] Choice[]." Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

The Court is not persuaded that the addition of Palacios is necessary for the resolution of this action. As discussed below, while Palacios served as one of Gastelo's supervisors, she worked in an operational rather than in an executive role. Dkts. 21-2, 21-3. As such, she was not an "owner, director, officer, or managing agent of the employer" for purposes of liability pursuant to Labor Code Section 558.1. Gastelo may still assert his claims against Portables Choice and the individual defendants who occupy such roles under Section 558.1. Accordingly, this factor weighs against permitting the joinder of Palacios.

### 2. Statute of Limitations

Gastelo's employment with Portables Choice began on or about August 6, 2018, and terminated on or about August 31, 2022. FAC at 6-7. Gastelo filed the original complaint in Los Angeles County Superior Court on August 2, 2023, and the FAC on September 12, 2023. Dkts. 1-2, 15. At oral argument, counsel for Gastelo asserted that this factor weighed in favor of permitting joinder because this action was not time-barred. While the Court indicated its agreement, on review, the purpose of this factor is to determine whether failure to permit joinder would bar the party who is seeking joinder from obtaining relief by reason of the expiration of the statute of limitations. Where the statute of limitations is not a bar to the party seeking joinder bringing a new action, there can be no prejudice in denying joinder. Here, Gastelo's action is not time-barred by the statute of limitations, and Gastelo could assert a claim against Palacios in the event she is not joined in this action. Accordingly, this factor weighs against permitting the joinder of Palacios.

### 3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. Here, Gastelo filed the FAC about six weeks after he filed the original complaint. He did so after dismissing Palacios, the very party he has now joined. Apart from his claim that Palacios was not available to be served, Gastelo has not explained why this delay is not unreasonable. Accordingly, this factor appears to be neutral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

4. <u>Motive for Joinder</u>

In some cases, courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint. See <u>Clinco</u>, 41 F. Supp. 2d at 1083 n.2. The question of whether joinder is solely intended to defeat jurisdiction is "intertwined" with the question of whether the claims against the new defendant appear valid. See <u>McGrath</u>, 298 F.R.D. at 608 ("[A]n assessment as to the strength of the claims against the proposed new Defendants bears directly on whether joinder is sought solely to divest this Court of jurisdiction."). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." <u>IBC Aviation</u>, 125 F. Supp. 2d at 1012 (citing <u>Trotman v. United Parcel Service</u>, No. 3:96-cv-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)).

Here, the FAC is very similar to the original complaint. In fact, both complaints include Palacios as an individual defendant. Gastelo alleges that he dismissed Palacios from the action "[a]fter numerous unsuccessful attempts at serving" her. Dkt. 18-1 at 2. However, Gastelo asserts that once he located Palacios, he filed the FAC and included her as an individual defendant. <u>Id</u>. Regardless of whether the claim against Palacios appears valid, as the Court discusses below, Gastelo's motive for joinder of Palacios is not clear to the Court under these circumstances. Accordingly, this factor appears to be neutral.

5. <u>Apparent Validity of Gastelo's Claims</u>

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." <u>Taylor v. Honeywell Corp.</u>, No. 09-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). In considering the validity of plaintiff's claims, "the [c]ourt need only determine whether the claim seems valid" which is not the same as the standard in either a motion to dismiss or a motion for summary judgment. <u>Freeman v. Cardinal Health Pharm. Servs., LLC</u>, No. 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, *3 (E.D. Cal. 2015) (rejecting defendant's assertion that "the Court should consider whether the amended complaint could be defeated by a motion to dismiss") (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

Gastelo contends that he need not prove that Palacios was a director, officer, or managing agent pursuant to Section 558.1(b) but merely that Palacios is "possibly liable," which he alleges he sufficiently pled in the complaint. Dkt. 18-1 at 5; see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). According to Gastelo, Palacios was one of his supervisors, acted within the scope of her employment with Portables Choice, and "compelled, coerced, aided, and/or abetted any and all California Labor Code violations" Gastelo alleges in the complaint, including "illegal meal and rest break practices." Dkt. 18-1 at 5-6. As such, Gastelo argues that the Court should find potential liability against Palacios and that Gastelo properly added her as a defendant. Id. at 6.

In opposition, Portables Choice argues that the Court should disregard Palacios's citizenship because she is an improperly added defendant.[4] Dkt. 21 at 1. According to Portables Choice, Palacios cannot be held liable pursuant to Section 558.1 because "1) Palacios did not personally violate, or cause to be violated, any Labor Code provision, and 2) Palacios was not a managing agent of Portables Choice." Id. at 1, 4. Portables Choice argues that Gastelo has not pled specific facts supporting his allegation against Palacios, such that he did not satisfy the pleading requirements and has consequently failed to state a plausible claim for relief. Id. at 4-5; see also Rios v. Linn Star Transfer, Inc., 2020 WL 1677338, at *6 (N.D. Cal. Apr. 6, 2020).

Portables Choice cites Usher v. White, 64 Cal. App. 5th 883 (2021), in which the court found an owner could not be held liable pursuant to Section 558.1 unless the owner was personally involved in the violation or sufficiently contributed to the violation. Dkt. 21 at 6; see also Usher, 64 Cal. App. 5th at 896-97. Relying upon both Rios and Usher, Portables Choice argues that the FAC does not cite "to any actual violations by Palacios" and that the facts, including those set forth in Palacios's declaration, "substantially demonstrate that Palacios did not violate, or cause to be violated, any Labor Code provisions alleged in Gastelo's FAC[.]" Dkt. 21 at 6-7. Portables Choice argues that Palacios did not have input into the determination of whether Gastelo was classified as an exempt employee or into the alleged Labor Code violations, and as such, she cannot be held individually liable pursuant to Section 558.1. Id. at 7-8. It contends that she further

---

[4] Portables Choice asserts that the Court may consider evidence beyond the pleadings for purposes of evaluating fraudulent joinder. Dkt. 21 at 5; see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

cannot be held liable pursuant to Section 558.1 because she did not act as a director, owner, or managing agent of Portables Choice. Id. at 8. Citing Keene v. Penske Truck Leasing Co. LP., 2023 WL 1478439 (C.D. Cal. Feb. 2, 2023), Portables Choice argues that a managing agent is an individual with discretionary authority or responsibility over policy. Id. at 8-9; see also Keene, 2023 WL 1478439, at *2-*3. Thus, Portables Choice asserts that Palacios was not a managing agent because she did not have "discretionary authority or responsibilities for setting corporate policies and procedures." Dkt. 21 at 9.

In reply, Gastelo argues that Portables Choice applies the incorrect standard for a motion to remand, as the standard is whether there is a "possibility" that Palacios is liable. Dkt. 22 at 2-3. Gastelo contends that defendants have not met their "heavy burden" of proving fraudulent joinder because Gastelo's allegation that Palacios was an officer, director, or managing agent sufficiently establishes a possibility that she had such a role and that Gastelo will prevail. Id. at 3-4. According to Gastelo, he has pled sufficient facts to establish liability against Palacios pursuant to Section 558.1, and the Court should find a "possibility" of liability given the conflicting evidence presented by the parties. Id. at 4-5.

Upon review of the FAC and the declarations of Palacios and defendant Justin Henderson, there does not appear to be a valid claim pursuant to Section 558.1 against Palacios. Although she was Gastelo's supervisor, Palacios served in an operational role, was not involved in the decisions of Portables Choice, and did not have discretionary authority. Dkts. 21-2, 21-3. As such, Palacios was not "an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1(b). Therefore, Palacios cannot be held liable for violations pursuant to Section 558.1, and Gastelo has not asserted a valid claim against her. Accordingly, this factor weighs against permitting the joinder of Palacios.

    6. <u>Prejudice to Gastelo</u>

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." McCarty v. Johnson & Johnson, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010) (citation omitted). It does not appear that Gastelo would be prejudiced in the absence of joinder. Gastelo may still recover from Portables Choice and be afforded complete relief in this action. Accordingly, this factor weighs against permitting the joinder of Palacios.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-CV-07335-CAS (AJRx) | Date | November 6, 2023 |
|---|---|---|---|
| Title | MANUEL A. GASTELO V. THE PORTABLES CHOICE GROUP LLC ET AL | | |

7. <u>Summary</u>

Because the majority of the factors weigh against permitting the joinder of Palacios, the Court finds that joinder is improper. Moreover, without defendant Palacios, there appears to be diversity jurisdiction. Accordingly, the Court denies Gastelo's motion to remand this action.

**B.   Request for Sanctions**

Gastelo further requests that the Court sanction Portables Choice because of its frivolous notice of removal. Dkt. 18-1 at 8. Gastelo argues that defense counsel failed to stipulate to a remand and have successfully delayed the state court action. <u>Id.</u>

In light of the Court's denial of remand, the Court finds that Portables Choice's notice of removal is not frivolous, and it would thus be inappropriate to sanction Portables Choice. Accordingly, the Court denies Gastelo's request for sanctions.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court DENIES Gastelo's motion to remand and request for sanctions.

IT IS SO ORDERED.

|  | 00 | : | 21 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |